**WABASH RAILROAD COMPANY,**
Plaintiff-Appellant,

v.

**Robert J. ZIRZOW, Defendant-Appellee.**

**No. 11765.**

United States Court of Appeals
Seventh Circuit.

June 20, 1957.

Elmer W. Freytag, Chicago, Ill., for appellant.

Melvin A. Garretson, Morris A. Haft, Chicago, Ill., Sidney Z. Karasik, Chicago, Ill., of counsel, for appellee.

Before DUFFY, Chief Judge, and FINNEGAN and SCHNACKENBERG, Circuit Judges.

DUFFY, Chief Judge.

This suit was commenced by the Railroad Company to collect damages resulting from a collision between one of its trains and an automobile owned and driven by defendant. The jury returned a verdict favorable to the defendant, and

the District Court entered judgment dismissing the complaint and rendering judgment for costs against plaintiff.

Ninety-fifth Street in the Village of Oak Lawn, Illinois, runs east and west. The tracks of Plaintiff's railroad run northeast and southwest across Ninety-fifth Street, and are slightly above the grade at that point. There are two sets of tracks known as the northbound main and the southbound main. The crossing is protected by modern gates including flasher lights and bells. Two hundred feet west of the crossing was a conventional highway railroad crossing sign.

Defendant had lived in the Village of Oak Lawn for four years and was well acquainted with the crossing. On March 29, 1954, at approximately 11:30 a. m., defendant was driving easterly on Ninety-fifth Street. A snowstorm was in progress and visibility was poor. There were about four inches of snow on the ground, and the pavement was slippery. When defendant was about twenty feet from the flasher signal, he applied his brakes and skidded twenty-five feet on to the railroad tracks, his automobile coming to a stop on the southbound main tracks. He killed his engine and was unable thereafter to get the motor started. Defendant and his son got out of the car a few moments before the collision.

The Banner Blue is one of the Railroad's better passenger trains running from Chicago to St. Louis, Missouri. It usually passes the intersection heretofore described about the same time each day, but on the day in question the train was running late. As it approached the Ninety-fifth Street intersection it was traveling about sixty to sixty-five miles per hour. Its horn had been sounded continuously for several blocks, its bell was ringing, and both its Mars headlight and its regular headlight were lighted.

When the engineer saw the stalled automobile, he applied the emergency brakes but the diesel locomotive struck the automobile, propelling it against plaintiff's signal equipment located on the southwest corner of the intersection. Plaintiff's train came to a stop about a quarter of a mile south of Ninety-fifth Street. Extensive damage was done to the signal equipment and some damage was done to the front of the locomotive.

Plaintiff's principal claim of error is that the trial court indicated approval of proposed instructions 3, 7, 11, 12, 13, 15 and 16, and stated they would be given in substance or in principle. Plaintiff says that when the charge was given the jury the court failed to incorporate the substance or principles of the proffered instructions. Plaintiff argues that the trial court violated Rule 51, Federal Rules of Civil Procedure, 28 U.S.C.A., and claims plaintiff's attorney was misled by the conduct of the trial judge.

Rule 51, F.R.C.P., provides that a party may file written requests for instructions. The rule says: "The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, * * *. No party may assign as error the giving or failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. * * * *"

Prior to the conclusion of the oral testimony, the Judge asked the attorneys if they had any proposed instructions. The attorneys for plaintiff and defendant handed up requested instructions. The Court then said: "All right, the plaintiff has proffered seven instructions. Pursuant to the Rules of Civil Procedure, counsel are advised at this time as to the Court's action thereon. The first will be given in substance but not in those words. I will instruct on the law of negligence and on the duty of the plaintiff and the duty of the defendant in the existing situation. The principle in number one will be given but not in those words.

"The second is the existing emergency, will be given in substance.

"The third is a stock instruction and will be given in substance."

As to the fourth requested instruction, the Court asked for the exact wording of

the statute and said: "If it is applicable I will read the statute itself to the jury."

There was a colloquy with reference to plaintiff's proposed instruction five, and apparently it was withdrawn. The Court stated that instruction six would not be given and that instruction seven insofar as it embodied the general principle would be given. The Court then informed the defendant as to his proposed action with reference to instructions requested by him. The morning session of the Court then adjourned, and it was agreed the case would be argued after brief testimony to be taken at the afternoon session. At the conclusion of the testimony in the afternoon session, the Court said: "Now, it becomes the duty of the Court to advise you on the additional instructions which you have handed up this afternoon, I have just finished reading them." The Court then told of his proposed action with reference to instruction six. He then said: "Eight is a stock instruction and will be given in substance. Nine likewise, in substance, will be given, the general principle of law that is involved therein. Ten, also. Eleven will be given in general. The principle involved therein will be given in general. The specific instruction will not be given. Twelve, likewise. Thirteen, also, fourteen, also. Fifteen is repetitious. Insofar as it is not, it will be given as part of the general instructions. Sixteen will be given in part, insofar as the principle is applicable, as far as the general instructions. Seventeen will be given." Immediately thereafter the arguments were made to the jury.

At the conclusion of the Court's instructions, the Judge said: "Opportunity will now be given to counsel out of the hearing of the jury to object to the charge of the Court." The attorney for the plaintiff then stated: "The plaintiff objects to the failure of the Court to give plaintiff's tendered instruction No. 11." Like objections were made as to instructions 12, 13, 14, 15, 16, 2, 3 and 7. These objections were each overruled.

Plaintiff's principal complaint is that tendered instructions 12 and 13 were not given although the claim is also made that instructions 3, 7, 11, 15 and 16 embodied established principles of law which were applicable to the case at bar and should have been given.

We have carefully examined the entire charge to the jury and think it adequately presented the issues. Although the charge did not specifically refer to what the engineer had a right to assume as was set forth in instruction 12, and did not state the law as to contributory negligence as outlined in instruction 13, the jury, nevertheless, was properly instructed as to the elements of negligence and contributory negligence, and there was defined for them the terms "ordinary care" and "proximate cause." The Court cited the Illinois statutes making it the duty of a driver to stop when approaching a railroad crossing when a mechanical signal device gives warning of an approaching train, S.H.A. ch. 95½, § 180. An instruction was also given that railroad crossings are dangerous places, and the law requires a traveler on a highway which intersects with a railroad right-of-way to approach that crossing with that degree of care which is commensurate with its own danger.

It would have been better if the learned and experienced trial judge could have indicated in greater detail as to just how he would handle the tendered instructions. But a trial judge is faced with a very practical situation. Usually, instructions are tendered shortly before the case is to be argued. The Judge is, at that moment, usually pressed for time to get his instructions in final form, for the charge to the jury often follows immediately after the attorneys have concluded their arguments. Many times tendered instructions merely cover in different words and expressions the principles of law which the trial judge prefers to give in his own language. Many of the instructions tendered are repetitious, and others are colored with the advocate's view of his client's cause.

In the case at bar the Court stated to counsel that instructions 12 and 13 would not be given, but that the general prin-

ciple involved would be submitted. No claim of error is made as to any of the instructions which were given. In our opinion reversible error has not been shown.

Judgment affirmed.